UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY MARIE KRUSE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Sally J. Berens

Case No. 1:20-cv-227

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **vacate** the Commissioner's decision and remand the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

### Standard of Review

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social

security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and his findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Dept. of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**Procedural Posture**

Plaintiff filed an application for DIB on January 6, 2016, alleging that she became disabled as of January 1, 2016, due to spondylolisthesis grade 2; stenosis and spondylolysis;

sebaceous cyst condition in the armpits, breasts, and groin; depression; post traumatic stress disorder; obesity; chronic obstructive pulmonary disease (COPD); diabetes mellitus; incontinence; pain spasms and numbness of lower back, legs, arms, and hands; and choking and chronic cough. (PageID.187–88.) Plaintiff subsequently amended her alleged onset date to December 22, 2015. Plaintiff was 42 years old at her alleged onset date. Plaintiff graduated from high school and had previously worked as a massage therapist. Plaintiff requested a hearing before an administrative law judge (ALJ) after her application was denied.

ALJ Colleen M. Mamelka held a hearing on January 3, 2018, and issued a written decision on April 27, 2018, finding that Plaintiff was not disabled prior to her date last insured, December 31, 2015. (PageID.204–15.) ALJ Mamelka found that Plaintiff retained the RFC to perform a limited range of sedentary work through her date last insured, although she recognized that Plaintiff's "degenerative disc disease worsened by October 2016, as imaging confirmed progressive disc space narrowing and spondylolisthesis that was 'likely' causing bilateral L5 nerve root compression." (PageID.208, 212.) On August 23, 2018, the Appeals Council vacated and remanded ALJ Mamelka's decision for further development and a new decision in light of additional earnings and tax information, specifically directing her to evaluate Plaintiff's date last insured and to obtain additional evidence pertaining to the period at issue. (PageID.220–22.)

On January 15, 2019, following the remand, ALJ Mamelka held a second hearing and took testimony from Plaintiff, Plaintiff's husband, Gerald Kruse, and Joanne Pfeffer, an impartial vocational expert. On February 5, 2019, ALJ Mamelka issued a new decision finding that Plaintiff was not disabled at any time from her alleged onset date through her date last insured, December 31, 2016. (PageID.61–71.) On January 13, 2020, the Appeals Counsel denied Plaintiff's request for review, making ALJ Mamelka's February 5, 2019 decision the

Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,434 (6th Cir. 2007).

Plaintiff initiated this civil action for judicial review on March 13, 2020.

## Analysis of the ALJ's Opinion

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work and cannot, considering her age, education, and work experience,

---

[1]  1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing his past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

The ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2016. (PageID.63.) After finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 22, 2015, the ALJ found that Plaintiff suffered from the following severe impairments: (1) lumbar spondylosis with spondylolisthesis; (2) hidradenitis suppurativa; (3) COPD with tobacco abuse; and (4) diabetes mellitus. (PageID.63.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.31–32.) The ALJ considered Listings 1.04 (disorders of the spine), 3.02 (chronic respiratory disorders), and 8.06 (Hidradenitis Suppurativa). (PageID.65–66.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) through her date last insured, except:

> [S]he was limited to occasional balancing, occasional climbing of ramps and stairs, and never climbing ladders, ropes, and scaffolds. She was limited to avoiding unprotected heights, moving machinery, extreme cold, environmental irritants, and poorly ventilated areas.

(PageID.66.)

At step four, the ALJ determined that Plaintiff did not retain the RFC to perform any of her past relevant work. (PageID.69–70.) At step five, however, based on testimony from the vocational expert, the ALJ found that Plaintiff could perform the occupations of information clerk, sorter, and office clerk, 142,000 of which existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.70–71.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## Discussion

Plaintiff raises three arguments in her appeal: (1) the ALJ's RFC is not supported by substantial evidence because the ALJ failed to properly explain the inconsistencies between the findings in her 2019 decision and those in her 2018 in a meaningful manner that Plaintiff could understand; (2) the ALJ's RFC assessment is not supported by substantial evidence as the ALJ misstated important facts and engaged in speculative reasoning without evidentiary support; and (3) the ALJ failed to follow the "treating source" rule and "good reasons" requirement.[2]

---

[2] In her conclusion to her brief, Plaintiff requests that the Court remand the matter to the Commissioner to review whether she meets Listing 1.04(a) based on substantial evidence during the time period at issue. (ECF No. 20 at PageID.1362.) Plaintiff fails to present any developed argument as to how she met or equaled every requirement of Listing 1.04. I find that this argument is waived because Plaintiff presents no argument and, thus, fails to meaningfully develop the issue. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation and quotation omitted).

I.     **Failure to Explain Inconsistencies**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because it is irreconcilably at odds with her 2018 decision, and she failed to explain her reasons for deviating from her prior findings in a manner that Plaintiff could understand. Plaintiff notes that, while the ALJ found in her 2018 decision that Plaintiff retained the RFC for a limited range of sedentary work as of her date last insured, she also observed that Plaintiff's "functional capacity likely decreased as of October 2016, [but] this likely occurred 10 months after the date last insured." (PageID.213.) Plaintiff notes that, in spite of this statement and based on the same evidence covering the same time period, the ALJ contradicted her prior finding and concluded that Plaintiff retained the same RFC through the newly-calculated date last insured of December 31, 2016. Plaintiff contends that the ALJ's failure to explain this inconsistency warrants a remand for determination of a corrected RFC that accounts for the ALJ's previously-recognized 2016 decrease in functional capacity. (ECF No. 20 at PageID.1347.)

This argument lacks merit. "An ALJ's decision on the merits of a disability application does not become final and binding if the Appeals Council vacates that decision and remands the matter for further proceedings." *Kearney v. Colvin*, 14 F. Supp. 3d 943, 949 (S.D. Ohio 2014) (citing *Wireman v. Comm'r of Soc. Sec.*, 60 F. App'x 570, 570 (6th Cir. 2003)); *see also* 20 C.F.R. § 404.955 (ALJ decision not binding if the Appeals Council vacates the decision); *Rogers v. Comm'r of Soc. Sec.*, No. 99-5650, 2000 WL 799332, at *6 (6th Cir. June 9, 2000) (ALJ decision vacated by the Appeals Council is not a final judgment). When an ALJ decides a remanded claim, the ALJ is not bound by prior findings or conclusions that the Appeals Council did not adopt. *Dacosta v. Berryhill*, No. 3:17-cv-30085, 2019 WL 404039, at *11 (D. Mass. Jan. 31, 2019) (citing *Nichols v. U.S. Soc. Sec. Admin., Acting Comm'r*, Case No. 16-cv-443-PB, 2018 WL 1307645, at *5 (D.N.H. Mar. 13, 2018)). The court in *Ferreira v. Saul*, No. 3:18-cv-

7

30115, 2020 WL 128656 (D. Mass. Jan. 10, 2020), summarized the applicable principles. "First, when the Appeals Council remands a case, the ALJ writes on a blank slate. He or she is not bound by the initial decision." *Id.* at *11. "Second, 'as long as his decision is supported by substantial evidence, an ALJ's failure to explain why or how his ... finding[s] deviate[ ] from that of a since vacated, prior decision does not constitute a viable basis for reversal.'" *Id.* (quoting *Nichols*, 2018 WL 1307645, at *5).

Thus, on remand, the ALJ was not bound by her prior decision and was not required to explain why her 2019 decision deviated, or departed from, her 2018 decision. The issue for this Court, therefore, is whether the ALJ's 2019 decision was supported by substantial evidence and complied with the law. Plaintiff cites no applicable authority to the contrary.[3] Accordingly, this argument presents no basis for remand.

**II.     The RFC Determination**

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. § 404.1545(a)(3). While the ALJ makes the RFC determination, that determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

---

[3] Plaintiff's reliance on cases applying the "treating source" rule is misplaced, as a specific regulation mandates that the Commissioner give "good reasons" for giving a treating source's opinion less than controlling weight. *See* 20 C.F.R. § 404.1527(c)(2). Here, there is no such regulation requiring an ALJ to explain her reasons from deviating from a prior, vacated decision.

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence because it is based on misstated facts and reasoning that lacks evidentiary support. Plaintiff cites several examples, some of which are not persuasive. For example, Plaintiff argues that the ALJ misstated the findings of the December 22, 2015 MRI when she noted that there was no evidence of spinal cord or nerve root impingement (ECF No. 20 at PageID.1347–48), but this is not true. The ALJ accurately summarized the imaging findings, which noted the "potential for impingement of the right greater than left L5 nerve roots" (PageID.600), without identifying evidence of nerve-root compromise. Similarly, the ALJ accurately described the findings from the October 2016 MRI (PageID.67, 1030), and acknowledged the report from Plaintiff's elective surgery in March 2017—about two months after her insured status expired—indicating that laminectomies at L5 and S1 resulted in the nerve roots being "totally free" (PageID.68, 761). Nonetheless, the ALJ found evidence from the 2017 surgery through the remainder of the year did not indicate that Plaintiff was unable to perform sedentary work prior to her insured status. (PageID.68.)

Plaintiff's argument regarding the ALJ's finding concerning Plaintiff's medication side effects is similarly unconvincing, as Plaintiff points to no evidence in the record (other than her hearing testimony) showing that she complained to her provider about medication side effects. The ALJ also accurately noted that during the relevant period, Plaintiff's medications were not changed. (PageID.69.)

Other examples that Plaintiff cites are more concerning. For example, the ALJ wrote:

> For the remainder of 2016, leading up to her Title II insurance lapsing on December 31, 2016, the claimant was treated successfully with conservative measures including epidural injections that improved her physical function to at least a sedentary level with occasional climbing, balancing, and bending (17F:98, 17F:102, and 17F:105).

9

(PageID.67.) The Court finds no support for this statement in the record. The cited exhibits (PageID.1049, 1053, and 1055) are same ones the ALJ cited in the preceding paragraph regarding the treatment that Plaintiff received from January through April of 2017. In fact, the Court has found no indication in the record that Plaintiff received any treatment, let alone successful treatment, after May of 2016. The following finding, however, is the most problematic:

> The evidence shows the claimant received no more than conservative care that helped in December 2016. That is why she was a candidate for back surgery in March 2017. Had the injections not worked, surgery would not have been offered because it would not have helped either. The fact the claimant had the surgery supports finding the injections worked.

(PageID.69.) First, while it is true that Plaintiff received no more than conservative treatment during 2016, there is no indication that such treatment "helped" in December 2016. In fact, Dr. Loganathan's notes from the December 2016 consultation list the 6-8 epidural steroid blocks that Plaintiff received in the first part of 2016 as "Tried/Failed Treatment." (PageID.1061–62.) Second, the ALJ's conclusion that Plaintiff had back surgery because the injections worked defies common sense. People do not normally opt for invasive surgery when conservative treatment provides relief. Finally, "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings," *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)), but that is precisely what the ALJ did here, as she cites no medical evidence for her conclusion that Plaintiff would not have been offered surgery had the injections not worked.

While the foregoing findings may or may not have affected the ALJ's ultimate disability determination, they are not supported by substantial evidence and very well could have affected the outcome. A remand is thus warranted for the ALJ to address these issues. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). Because

the Court is remanding for the reasons discussed above, the Court need not address the other issues Plaintiff raises. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## Conclusion

For the reasons stated above, the Commissioner's decision will be reversed and remanded for further consideration consistent with this Opinion pursuant to sentence four of 42 U.S.C. § 405(g).

An order consistent with this opinion will enter.

Dated: May 21, 2021         /s/ Sally J. Berens
                            SALLY J. BERENS
                            U.S. Magistrate Judge